RICKELS et ux. v. TEXAS PACIFIC COAL & OIL CO. (No. 1898.)

(Court of Civil Appeals of Texas. El Paso. May 6, 1926. Rehearing Denied May 27, 1926.)

1. Mines and minerals ☞78(1)—Under covenant to drill well on leased land, if oil was discovered in well on neighboring land, obligation to drill on leased land arises on abandonment of other well before completion to sufficient depth.

Under covenant in lease that, if oil or gas was discovered in a certain well to be drilled by lessee on neighboring land, lessee would within 90 days from such discovery, begin drilling well on the leased land, abandonment of the well on the neighboring land before its completion to the depth of the producing formation, rendering discovery of oil or gas there impossible, obligated lessee to drill on the leased land; there being an implied obligation to drill it to a sufficient depth for a proper test.

2. Limitation of actions ☞46(3)—Time for action for breach of lessee's covenant to drill well 90 days after discovery of oil in well on neighboring land held to begin after abandonment of other well before completion to proper depth.

The statute starts to run against action for breach of covenant in lease to begin drilling well on leased land within 90 days from discovery of oil or gas in certain well to be drilled on neighboring land, not from termination of lease, but not later than six months after abandonment before completion to proper depth of the well on neighboring land, where agreed well could have been completed in 30 to 60 days.

3. Appeal and error ☞931(4)—Trial court, filing no findings, will be presumed to have found, if necessary, that reasonable time for commencing drilling well, in addition to 4-year period, had elapsed relative to defense of limitations.

Where court, trying action for breach of covenant to drill well without jury, rendered judgment for defendant without filing findings, it will be presumed, relative to bar of statute,

if necessary, that the court found that a reasonable time after abandonment of another well had elapsed in addition to the four-year period.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by J. M. Rickels and wife against the Texas Pacific Coal & Oil Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Hawkins, Hawkins & David, of Breckenridge, for appellants.

John Hancock, of Fort Worth, for appellee.

HIGGINS, J. Appellants filed this suit June 18, 1925, against the appellee to recover damages in the sum of $75,000 for breach of covenant by appellee to drill a well upon land owned by the plaintiffs and leased to defendant for oil and gas. The sum sued for is the alleged cost of drilling such well. Upon trial without a jury, judgment was rendered in favor of the defendant. No findings were filed by the court below. There is no dispute about the facts. Those material to the decision are as follows:

By lease dated February 1, 1917, plaintiffs leased to defendant for 5 years from date of the instrument 847 acres of land in Stephens county, granting to the lessee authority to enter upon the premises and to dig, drill, operate for, and procure natural gas or petroleum and other rights incidental to the exercise of such authority. The lease recites that it was in consideration of $847 paid, and the covenants therein contained. The lease also provides for the annual payment by the lessee of $1 per acre as ground rent, less any royalties that might be paid. The lease contains this stipulation:

"It is understood and agreed by the parties hereto that, if oil or gas are discovered in paying quantities in the well that is to be drilled on W. H. Corbett's land, second party will, within 90 days from date of such discovery, begin operations for a well on the above-described premises or forfeit this lease."

This is the covenant upon which the suit is based. It was agreed that the well to be drilled on the Corbett land contemplated by the quoted stipulation was a well to be drilled by Ed Spangler for defendant on section 1077, the location of which had been fixed, but upon which actual drilling operations had not begun at the time the lease was executed. In 1917 and 1918 defendant drilled the well on section 1077 to a depth of 2,200 feet. No oil or gas was discovered therein. At said depth the driller lost his tools, and on June 20, 1918, defendant abandoned said well. The Sun Company, under a contract with defendant, began to drill a well in February, 1919, on section 1058, which section was covered by W. H. Corbett's lease to defendant. On August 13, 1920, this well was completed to a

depth of 3,902 feet. Neither oil nor gas in paying quantities was discovered in this well, and it was abandoned September 1, 1920. The two wells mentioned were the only ones drilled on the Corbett land. Defendant has never drilled any well on the plaintiff's land. The producing formation in Stephens county is at the depth of approximately 3,500 feet. The reasonable cost of drilling an oil and gas well on plaintiff's land during the 5 years covered by his lease was $45,000, and required from 30 to 90 days to drill. During the life of the lease, defendant paid the stipulated ground rentals, which were accepted by plaintiffs. In the fall of 1920 or 1921 plaintiffs asked defendant to drill a well on their land or release the land, and defendant declined to do so.

In bar of the action, the defendant, among other defenses, pleaded the 4-year statute of limitations. This plea is decisive of the case.

Neither the pleadings nor the evidence present any issue with respect to a right of recovery based upon any breach of an implied obligation to develop the land covered by the plaintiff's lease. The suit is to recover damages for the breach of the express covenant contained in the lease.

For obvious reasons appellants predicate no right upon failure of appellee to drill upon their land within 90 days after the completion and abandonment of the well drilled by the Sun Company upon section 1058.

[1, 2] Appellee was impliedly obligated to drill the Corbett well on section 1077 to a sufficient depth for a proper test. The abandonment of that well prior to its completion to a depth of at least 3,500 feet (the depth of the producing formation) was a breach by appellee of its implied obligation to drill the well to a sufficient depth for a proper oil and gas test. We agree with appellants that upon the abandonment of the well on section 1077 at 2,200 feet, the appellee became obligated to drill a well on appellant's land. This is true because appellee by such abandonment rendered the discovery of oil or gas in paying quantities in the Corbett well impossible of realization. We think such abandonment gave appellants the same rights under the covenant in their lease as if oil or gas in paying quantities had been discovered in the Corbett well. But we cannot agree with appellants' further contention that under the covenant the appellee could indefinitely delay beginning to drill upon their land, for which reason their cause of action for breach of the covenant did not accrue until the expiration of the lease on February 1, 1922, wherefore they were not barred by the 4-year statute of limitations at the time the suit was filed. The express terms of the covenant sued upon preclude such a theory. It provides that drilling operation should begin within 90 days after the discovery of oil or gas in paying quantities in the Corbett well. It was

agreed such well could have been drilled in from 30 to 90 days. If appellants and this court be correct in the assumption that upon the abandonment of the Corbett well on June 20, 1918, the appellee became bound by its covenant to drill on appellant's land, then it was obligated to begin such drilling within 90 days from said date, and it was agreed it could have completed such well in from 30 to 60 days. Appellants' cause of action for breach of the covenant and recovery of the cost of drilling such well accrued not later than December 20, 1918, about 6½ years before the suit was filed. It was therefore barred by the 4-year statute when the suit was filed.

[3] If, by any theory, it can be held that the cause of action did not accrue until the lapse of a reasonable time after the abandonment of the Corbett well, then it must be assumed the trial court found that such reasonable time had elapsed in addition to the 4 years, prior to the filing of the suit.

For the reasons stated, we are of the opinion that suit is barred by limitation.

Affirmed.